IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01820-BNB

DIANE F. BRANTHOOVER,

    Plaintiff,

v.

CYNTHIA SILVA BURBACH, Individually and in her Official Capacity as Toxicologist for the Department of Health and Environment, State of Colorado,
JASON GALLEGOS, Individually and in his Official Capacity as Deputy for Adams County Colorado Sheriff's Department,
DARYL STADLER, Individually and in his Official Capacity as Deputy for Adams County Colorado Sheriff's Department,
MICHELLE CHOSTNER, Individually and in her Official Capacity as Assistant County Attorney, Adams County, Colorado,
ROBERT S. DOYLE, Individually and in his Official Capacity as Adams County Judge, Adams County, Colorado, and
C. VINCENT PHELPS, Individually and in his Official Capacity as Adams County District Judge, Adams County, Colorado,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Diane Branthoover, initiated this action on July 26, 2010, by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. She filed *pro se* a "Civil Rights Complaint" on August 2, 2010. Ms. Branthoover filed an amended Complaint on August 9, 2010, pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, and 18 U.S.C. §§ 241 and 242.

The Court must construe the amended Complaint liberally because Ms. Branthoover is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended Complaint and action will be dismissed.

Ms. Branthoover has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Ms. Branthoover raises several claims in this 42 U.S.C. § 1983 action challenging the constitutionality of her 2009 state court convictions for driving under the influence of alcohol and/or drugs and careless driving. Specifically, Ms. Branthoover alleges the following: (1) Defendant Burbach testified falsely during the state criminal proceeding that Plaintiff's drug test was positive for marijuana and that the physical effects of the marijuana caused her to fail the roadside sobriety test administered by police officers; (2) Defendant Deputy Gallegos testified falsely during the state criminal proceeding that Plaintiff crashed into a concrete median while driving; (3) Defendant Assistant County Attorney Chostner presented fabricated evidence in the state criminal proceeding that Plaintiff's drug test was positive for marijuana, and engaged in other prosecutorial misconduct that denied Plaintiff a fair trial; (4) Defendant Deputy Stadler issued Plaintiff criminal citations for driving under the influence and for careless driving, even though Stadler never saw her operate a vehicle; Stadler also failed to disclose mistakes in his report to Plaintiff before trial; (5) Defendant Judge Robert Doyle made

pre-trial and trial rulings that violated Plaintiff's constitutional rights; and, (6) Defendant Judge C. Vincent Phelps denied Plaintiff's "appeal" of her convictions and determined that she was afforded effective assistance of counsel at trial. Ms. Branthoover seeks monetary and declaratory relief and expungement of the criminal convictions from her record.

Ms. Branthoover may not challenge the validity of her criminal convictions in an action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

The holding of *Heck* has been extended to apply to claims brought pursuant to 42 U.S.C. §§ 1985 and 1986. *See Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir.1999) (citing cases); *Stephenson v. Reno*, 28 F.3d 26, 26-27 (5th Cir.1994) (per curiam); *Lawson v. Engleman*, No. 03-7012, 2003 WL 21300347, at *1 n.1 (10th Cir. June 6, 2003) (unpublished).

A judgment in favor of Ms. Branthoover in this action necessarily would imply the invalidity of her state court criminal proceedings. Therefore, she may not seek monetary relief under the federal civil rights statutes until she has invalidated her

criminal convictions. Ms. Branthoover does not allege or otherwise demonstrate that her convictions have been invalidated. Accordingly, her claims for damages challenging the state criminal proceedings and convictions are barred by *Heck*. Plaintiff's request for declaratory relief is also barred by *Heck* because a declaration from this Court that each Defendant violated Plaintiff's constitutional rights would necessarily imply the invalidity of her state court convictions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to claims for declaratory relief); *see also Beck v. Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999) (noting that *Heck* should apply "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction").

Ms. Branthoover further asks the Court to expunge the criminal convictions from her record. However, that remedy is not available to Ms. Branthoover in a federal civil rights action. *See Heck*, 512 U.S. at 486 (reaffirming that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

Ms. Branthoover's amended Complaint suffers from other deficiencies as well. Defendant Adams County District Judge Doyle and Defendant District Judge Phelps are absolutely immune from a civil rights suit for money damages for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Ms. Branthoover's allegations against the Defendant Judges are directed at rulings they made during her state criminal proceeding. None of her allegations indicate that either judge was acting

4

outside of his judicial capacity. The claims asserted against Judge Doyle and Judge Phelps, therefore, are barred by absolute judicial immunity.

Defendant Adams County Assistant Attorney Michelle Chostner also enjoys absolute immunity from suit for damages under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Ms. Branthoover's allegations against Defendant Chostner involve acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). The claims asserted against Defendant Chostner thus are barred by absolute judicial immunity.

A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, Defendants Doyle, Phelps and Chostner are inappropriate parties to this action based on absolute immunity, and the amended Complaint and action will be dismissed in part as legally frivolous.

Finally, Ms. Branthoover relies on 18 U.S.C. §§ 241 and 242 as a jurisdictional basis for her Complaint. However, the criminal statutes do not provide her with a private cause of action and § 1983 does not allow her to pursue a violation of federal criminal law. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal

proceedings."). The assertion of jurisdiction under 18 U.S.C. §§ 241 and 242 is, therefore, legally frivolous. Accordingly, it is

ORDERED that for the reasons stated in this Order, the amended Complaint and this action are dismissed in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B), and in part without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __23rd__ day of __August__, 2010.

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01820-BNB

Diane F. Branthoover
1211 E. 62nd Ave.
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/23/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk